**SO ORDERED.**

**SIGNED November 18, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

SOLA COMMUNICATIONS, L.L.C.
Debtor

CASE NO. 05-52696

CHAPTER 11

Findings of Fact and Conclusions of Law Approving Resources Agreement With
Tatum CFO Partners, LLP, and Employment Contract With Lyndon James

On November 8, 2005, pursuant to an Order setting Final Hearing entered October 25, 2005, the Court conducted a final hearing upon the EX PARTE MOTION TO APPROVE ENTRY INTO RESOURCES AGREEMENT AND EMPLOYMENT CONTRACT (the "James Motion"), submitted by Sola Communications, LLC ("*Sola*"), which had been made the subject of an order granting preliminary approval on October 25, 2005. In addition to the oral reasons for approving the James Motion given in open court after the final hearing, the Court issues the following Findings of Fact and

Conclusions of Law Approving Resources Agreement With Tatum CFO Partners, LLP, and Employment Contract With Lyndon James ("Findings and Conclusions").

## THE CASE AND PROCEEDINGS

1.

An involuntary petition under Chapter 11 of Title 11, United States Code ("**Bankruptcy Code**"), was filed against SOLA on September 30, 2005. On October 3, 2005, SOLA filed and Answer to Involuntary Petition and Stipulation to Order for Relief, wherein it admitted the allegations of the involuntary petition. An Order for Relief was entered by this Court at approximately 3:30 p.m. on October 3, 2005. No trustee has been appointed in any case, and no motion to appoint a trustee has yet been filed by any creditor or other party in interest in any case. Accordingly, pursuant to the Order for Relief, SOLA is a debtor-in-possession authorized to continue to operate its business. On November 1, 2005, this court issued an order authorizing the use of cash collateral in the ordinary course of business, after final hearing.

## JURISDICTION OF THE COURT

2.

This Court has jurisdiction over this Motion/Application pursuant to 28 U.S.C. § 1334, and this matter is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(A).

## THE JAMES MOTION

3.

The James Motion requested approval of a post petition Full-Time Permanent Engagement Resources Agreement ("Resources Agreement") between Sola and Tatum CFO Partners, LLP ("Tatum"), whereby Tatum would provide Lyndon James as a

contract employee to Sola and be paid a monthly fee. In addition, the James Motion recites that Tatum will provide resources including:

> A 400 man network of partners who help each other out on all kinds of technical and financial issues. Within that network are partners who work exclusively with bankruptcies and can provide invaluable advice related to the financial aspects of reorganization and turnaround issues;
>
> A full library of the best practices documentation on an array of financial matters;
>
> Direct access to a network of banks, lending institutions, asset based lenders, brokers, legal specialists, evaluations specialists, etc. Tatum has over 12,000 network relationships in its data base.

4.

The James Motion also requested approval of the employment of Lyndon James, pursuant to the Resources Agreement in the dual capacity of Chief Financial Officer ("CFO") and Chief Operating Officer ("COO") for Sola, in its capacity as Debtor in Possession. Within the James Motion, Sola recites as follows, with respect to the request for Court approval of the employment of James as CFO and COO:

> Moreover, it has recently been determined by pre-petition management to expand Mr. James' post-petition duties to include those as Chief Operating Officer ("*COO*"), in charge of Sola operations as well as the financial reporting and accounting systems. Going forward, Sola believes that the services of James, and the resources provided by Tatum, are critical to continued financial stability and long term successful reorganization of Sola.

5.

On November 7, 2005, an objection to the James Motion was filed by John A. Brady, Jr., James P. Brady and Lafourche Telephone Company, L.L.C. ("Brady Interests"), asserting, *inter alia*, that Lyndon James could not be employed because he was an insider, that approval of his retention was subject to 11 U.S.C. Section 327 and

therefore was not disinterested, and that the proposed compensation was not reasonable (the objection is hereinafter referred to as the "Brady Objection").

**HEARING, EVIDENCE, FINDINGS AND CONCLUSIONS**

6.

At hearing, the Court was provided the proffered testimony of Lyndon James, on the nature of the job responsibilities he has undertaken as CFO and COO, the authority he has exercised in the dual capacities, the financial performance of the company since October 3, 2005, which encompasses the time during which he has served in these dual capacities, the cost reductions and changes in operational management that have been implemented subsequent to his having assumed the dual authority. Further, the proffered testimony established that Tatum was and is committed to providing the services set forth in the James Motion. The proffered testimony further established that Lyndon James has acted in the capacity of an employee of Sola, and that his post petition employment, as CFO and COO under the Resources Agreement is in the nature of an employment relationship, as opposed to employment of a professional under §327.

7.

The proffered testimony included that of several employees, including Deryl Rice, Tiger Guillory, Mark Lagrone, Jacques deMoss, Jude Taylor, and Kim Thayer, who by proffer testified as to the necessity of the employment of Lyndon James and as to the differences between the operational condition of the company and the company's financial situation and financial record keeping prior to his employment in the dual capacity of CFO and COO. Upon this testimony, the Court concludes that the continued employment of Lyndon James as CFO and as COO is necessary and in the best interest of

the estate, and that as COO he shall be authorized to act as the authorized representative of Sola in its capacity as debtor in possession herein[1].

8.

The Court also notes that Sola stipulated, in response to the Brady Objection, that both the contract payments due Tatum and the compensation due Lyndon James were subject to Court approval, and that no increases in either the contract payments to Tatum or the compensation to Lyndon James would be put into effect without an order of this Court.

9.

Upon the proffered testimony and the stipulation referred to in paragraph 8 of these Findings and Conclusions, the Court concludes that it is in the best interest of the estate that the Resources Agreement be approved and that the continued employment by Sola of Lyndon James as CFO and COO, under the Resources Agreement, be approved as well.

**EXPRESS AUTHORIZATION TO COUNSEL FOR THE DEBTOR TO SUBMIT THESE FINDINGS AND CONCLUSIONS FOR THE COURT'S CONSIDERATION, AFTER SUBMISSION OF EVIDENCE SUPPORTING THE FINDINGS AND CONCLUSIONS CONTAINED HEREIN**

10.

The Court has heard the aforementioned proffered testimony, has adduced evidence supporting the relief requested in the James Motion, and has expressly

---

[1] The Court notes that the request for approval of continued compensation to Gordon Rice as CEO of Sola was withdrawn without prejudice within an amended insider compensation motion and in open court on November 8, 2005. Within the amended motion, Sola recited, "Sola has determined to withdraw a request for future compensation for Gordon D. Rice, without prejudice. Sola wishes to compensate Mr. Rice at the level originally approved on an interim basis through the date of the final hearing on this Motion. Thereafter, Mr. Rice will no longer be compensated as a salaried employee, but Sola reserves the right to bring a Motion before the court authorizing a commission based compensation structure as may be negotiated between Sola and Mr. Rice."

authorized the submission of these Findings and Conclusions by the counsel for Sola. As well, the Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court, to supplement the oral reasons set forth by the Court in open court on November 8, 2005.

## SEPARATE ORDER TO BE ISSUED

11.

A separate Order will be issued in accordance and conformity with these Findings and Conclusions, upon submission thereof by counsel for Sola.

##############

**Respectfully Submitted,**

**GORDON, ARATA, McCOLLAM,**
 **DUPLANTIS & EAGAN, L.L.P.**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763

By: /s/ Louis M. Phillips
    **Louis M. Phillips (#10505)**
    **Brandon A. Brown (#25592)**
    **Angela B. Degeyter (#27968)**
    **Ashley S. Green (#29217)**
*Counsel for Sola Communications, L.L.C.*