


**SO ORDERED.**

**SIGNED May 26, 2006.**

**GERALD H. SCHIFF**
**UNITED STATES BANKRUPTCY JUDGE**

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | **CASE NO. 05-52696** |
| | * | |
| **SOLA COMMUNICATIONS, L.L.C.** | * | **CHAPTER 11** |
| **Debtor** | * | |
| | * | |
| **IN RE:** | * | **CASE NO.: 05-** |
| **52875** | | |
| | * | |
| **EMPLOYEE ACQUISITION** | * | **CHAPTER 11** |
| **COMPANY, L.L.C.** | * | |
| **Debtor** | * | |
| | * | |
| * * * * * * * | * | |

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF SOLA COMMUNICATIONS, L.L.C. AND EMPLOYEE ACQUISITION COMPANY, L.L.C., SUBMITTED BY SOLA COMMUNICATIONS, L.L.C., EMPLOYEE ACQUISITION COMPANY, L.L.C., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOLA COMMUNICATIONS, L.L.C., COMMUNICATIONS FINANCE, L.L.C, AND COMMUNICATIONS MEZZANINE FINANCE, L.L.C. UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, IMMATERIALLY MODIFIED AS OF APRIL 25, 2006, AND AS OF CONFIRMATION**

On the 23rd day of May, 2006, there came on for hearing the confirmation of the JOINT PLAN OF REORGANIZATION OF SOLA COMMUNICATIONS, L.L.C. AND EMPLOYEE ACQUISITION COMPANY, L.L.C., SUBMITTED BY SOLA COMMUNICATIONS, L.L.C., EMPLOYEE ACQUISITION COMPANY, L.L.C., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOLA COMMUNICATIONS, L.L.C., COMMUNICATIONS FINANCE, L.L.C, AND COMMUNICATIONS MEZZANINE FINANCE, L.L.C. UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, IMMATERIALLY MODIFIED AS OF APRIL 25, 2006, AND AS OF CONFIRMATION, the redline version of which, entered on the docket as entry #476, (the ***"Joint Plan"***) was considered by the Court as the Plan before the Court for confirmation. The Joint Plan is an amended version of the JOINT PLAN OF REORGANIZATION OF SOLA COMMUNICATIONS, L.L.C. AND EMPLOYEE ACQUISITION COMPANY, L.L.C., SUBMITTED BY SOLA COMMUNICATIONS, L.L.C., EMPLOYEE ACQUISITION COMPANY, L.L.C., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOLA COMMUNICATIONS, L.L.C., COMMUNICATIONS FINANCE, L.L.C, AND COMMUNICATIONS MEZZANINE FINANCE, L.L.C. UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, MODIFIED AS OF APRIL 25, 2006, (the "***April 25th Plan***"), and as the Court sets forth below, the modifications within the Joint Plan are immaterial such that the Joint Plan is an immaterial modification of the April 25th Plan. At hearing, counsel for Sola Communications, L.L.C. ("***Sola***") and Employment Acquisition Company, L.L.C. ("***EAC***") (Sola and EAC sometimes

collectively referred to herein as "***Debtors***") advised the Court of certain modifications to the Joint Plan, including a modification resolving the objection to confirmation of the Joint Plan by Ford Motor Company, and certain technical modifications relating to the issuance of the New EAC Membership Units[1] upon approval by the FCC of use by Reorganized Sola of its FCC licenses. The Joint Plan as modified by the amendments related to the Court at the May 23, 2006 hearing on confirmation of the Joint Plan (the "***Confirmation Hearing***"), is entered on the docket as entry #498, and shall be considered, along with the Plan Supplement entered on the docket as entry #479 (collectively referred to herein as the "***Final Modified Joint Plan***") as the plan before the Court at the Confirmation Hearing.

At the Confirmation Hearing the Court considered:

(a) the Final Modified Joint Plan;

(b) the AMENDED DISCLOSURE STATEMENT IN SUPPORT OF THE JOINT PLAN OF REORGANIZATION OF SOLA COMMUNICATIONS, L.L.C. AND EMPLOYEE ACQUISITION COMPANY, L.L.C., SUBMITTED BY SOLA COMMUNICATIONS, L.L.C., EMPLOYEE ACQUISITION COMPANY, L.L.C., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOLA COMMUNICATIONS, L.L.C., COMMUNICATIONS FINANCE, L.L.C, AND COMMUNICATIONS MEZZANINE FINANCE, L.L.C. entered on the docket as entry #374 (the "***Disclosure Statement***"), approved by the Court and duly transmitted to Holders of Claims and parties in interest in accordance with both (i) the ORDER AND NOTICE APPROVING DISCLOSURE STATEMENT, FIXING TIME FOR FILING

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them within the Final Modified Joint Plan.

ACCEPTANCES OR REJECTIONS OF PLAN, FIXING DATE FOR CONFIRMATION HEARING, AND REQUIRING TABULATION OF VOTING, entered on the docket as entry #380 (the "***Disclosure Statement Order***"), and (ii) the ORDER ON MOTION TO ESTABLISH NOTICE PROCEDURE FOR DISCLOSURE STATEMENT AND PLAN, entered on the docket as entry #385 (the "***Notice Procedures Order***");

(c) the certificates of service having been filed in connection with (i) the Disclosure Statement Order, and (ii) the Notice Procedures Order, entered on the docket as entries 401 and 402, and further, the certificates of service of the Joint Plan, entered on the docket as entry #478 (collectively, the "***Certificates of Service***"), and the Court hereby concluding that the service as indicated by the Certificates of Service and such notice being hereby deemed sufficient such that no further notice is required under title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "***Bankruptcy Code***"), or the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), or the Local Rules of this Court;

(d) the objection to confirmation filed by the Ford Motor Credit, which was withdrawn at the Confirmation Hearing by counsel, in open court;

(e) the objection to confirmation filed by Surety Security Systems, Inc., entered on the docket as entry #451, and the objection to confirmation filed by Electronics Unlimited, inc., entered on the docket as entry #462 (the objections entered as entries 451 and 462 are herein referred to collectively as the "***Objections***");

(f) the MOTION TO STRIKE CLASS 8 BALLOT OF KERR MCGEE OIL & GAS CO., INC. (the "***Motion to Strike***"), entered on the docket as entry #470.

(g) the voting tabulation entered on the docket as entry 465, of which the Court has taken judicial notice and has admitted into evidence without the necessity of separate submission, along with the original Ballots submitted into evidence at the Confirmation Hearing;

(h) the proffer of testimony of Lyndon James in support of the Final Modified Joint Plan;

(i) the documents introduced into evidence at the Confirmation Hearing; and

(j) the arguments of counsel adduced at the Confirmation Hearing.

Upon considering the foregoing, and for oral reasons assigned in open Court on May 23, 2006, the Court determined to confirm the Final Modified Joint Plan. The Court hereby issues these written FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ORDER CONFIRMING JOINT PLAN OF REORGANIZATION OF SOLA COMMUNICATIONS, L.L.C. AND EMPLOYEE ACQUISITION COMPANY, L.L.C., SUBMITTED BY SOLA COMMUNICATIONS, L.L.C., EMPLOYEE ACQUISITION COMPANY, L.L.C., THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SOLA COMMUNICATIONS, L.L.C., COMMUNICATIONS FINANCE, L.L.C, AND COMMUNICATIONS MEZZANINE FINANCE, L.L.C. UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE, IMMATERIALLY MODIFIED AS OF APRIL 25, 2006, AND AS OF CONFIRMATION (the "***Findings and Conclusions***") to supplement the oral findings made in open court:

The Court finds and concludes as follows.

1. Notice and opportunity for hearing of the Joint Plan and the Final Modified Joint Plan has been given by Sola and EAC to all creditors, equity security

holders, the Official Committee of Unsecured Creditors, the United States Trustee, and all parties to whom notice is required.

2. The notice procedures approved by this court through the Notice Procedures Order required the transmission of the April 25th Plan to all parties in interest, or made the April 25th Plan available to all parties in interest.

3. The Final Modified Joint Plan is an immaterial modification of the Joint Plan and of the April 25th Plan, and therefore, the votes of creditors and equity security holders for the April 25th Plan constitute the votes of creditors and equity security holders for the Final Modified Joint Plan.

4. The Final Modified Joint Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

5. The provisions of chapter 11 of the Bankruptcy Code have been complied with and the Final Modified Joint Plan has been proposed in good faith and not by any means forbidden by law.

6. Each Holder of a Claim or Equity Interest has either accepted the Final Modified Joint Plan or will receive under the plan property of a value, as of the Effective Date of the Final Modified Joint Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Code on such date. Classes 1, 2, 3, 4, 5, 6, 9, 10, and 12 have voted to accept the Final Modified Joint Plan, and Class 7 is presumed to accept the Final Modified Joint Plan, as it is Unimpaired thereunder.

7. The Final Modified Joint Plan does not discriminate unfairly, and is fair and equitable, with respect to any Holder of any Claim or Equity Interest within

any Class of Claims or Equity Interests that is impaired under, and has not accepted the Final Modified Joint Plan. There were no votes within Class 8, but the Court finds and concludes that the retention of any right to set off held by any Holder of an Allowed Class 8 Claim, would provide such Claimant with the indubitable equivalent of any such Secured Claim as required by section 1129 (b)(2)(A)(iii) of the Bankruptcy Code. Classes 11 and 13 are presumed to reject the Final Modified Joint Plan, as the Claims in Class 11 and the Equity Interests in Class 13 are extinguished by Confirmation. There is no discrimination in treatment afforded the Holders of Class 11 Claims, and no discrimination in the treatment afforded the Holders of Equity Interests in Class 13. In addition, no Class of Claims or Equity Interests junior to Class 11 is receiving any property on account of any such Claim or Equity Interest, and there is no Class of Claims or Equity Interests junior to Class 13. The provisions of section 1129 (b)(2)(B) and (B) of the Bankruptcy code are complied with and satisfied.

8. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Final Modified Joint Plan or by any other person for services or for costs and expenses in, or in connection with the case or in connection with the Final Modified Joint Plan and incidental to these bankruptcy cases are reasonable, have been fixed by the Court or will be fixed by the Court after Confirmation.

9. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustee, if any, of the Debtors, any affiliate of the Debtors participating in a joint plan with the Debtors, and any successor to the Debtors under the Final Modified Joint Plan, have been fully disclosed, and the appointment of

such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy.

10. The identity of any insider that will be employed or retained by the reorganized Debtors and his/her compensation has been fully disclosed.

11. Confirmation of the Final Modified Joint Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtors or any successor to the Debtors under the Final Modified Joint Plan.

12. The principal purpose of the Final Modified Joint Plan is to effectuate the reorganization of the Debtors under the Bankruptcy Code, and not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

13. The aggregate number of holders of Sola Membership Interests following the Effective Date will be less than 500, and the aggregate number of holders of New EAC Membership Units following the Effective Date will be less than 500.

14. The issuance of the notes pursuant to the Final Modified Joint Plan shall be exempt from the requirements of the Trust Indenture Act of 1939, pursuant to, in accordance with, and to the extent provided in, Section 1145(d) of the Bankruptcy Code.

15. The New EAC Membership Units, to be issued under the Final Modified Joint Plan in accordance with the treatment of the Class 2 Claims are exempt from registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code, except to the extent that Holders of the New EAC Membership Units are "underwriters," as that term is defined in section 1145 of the Bankruptcy Code.

16. The Final Modified Joint Plan provides appropriate methods of the vesting of the Causes of Action in the Distribution Trust, and the vesting of all other property of the Estate in Reorganized Sola and Reorganized EAC, as applicable.

17. The documents comprising the Plan Supplement are necessary and appropriate to effect the provisions of the Final Modified Joint Plan and Confirmation of the Final Modified Joint Plan shall in all respects constitute approval of the Plan Supplement.

18. The Management Incentive Plan is valid and Confirmation of the Final Modified Joint Plan shall in all respects constitute approval of the Management Incentive Plan.

19. Sola, Reorganized Sola, EAC and Reorganized EAC are authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with the Final Modified Joint Plan and comprising the Plan Supplement.

20. Reorganized EAC is authorized to issue the New EAC Membership Units in accordance with the Final Modified Joint Plan, without further approvals by the Bankruptcy Court.

21. Any claim, right, cause, or cause of action of Sola and/or Reorganized Sola, or of EAC and/or Reorganized EAC or of the Committee or any Holder of any Claim, that (i) is waived or deemed waived pursuant to the Final Modified Joint Plan or pursuant to the Disclosure Statement or (ii) is against any Person or Entity

listed on Exhibit C to the Final Modified Joint Plan, shall have been waived and released upon the Effective Date.

22. The provisions of the Final Modified Joint Plan relating to Discharge of Debtors (Article X.A.), Injunction (Article X.B.), Exculpations (Article X.C.), Indemnification Obligations (Article X.D.), Limited Release (Article X.E.), Limited Release by Secured Senior Lender and Secured Junior Lender (Article X.F.), Release of Communications Finance, L.L.C., Communications Mezzanine Finance, L.L.C., Bayside Capital, Inc., H.I.G. Capital, LLC, H.I.G. Capital Management, Inc., H.I.G.-GPII, Inc., and H.I.G. Ventures, LLC (Article X.G.), Releases by Consenting Parties (Article X.H.) and Subordination (Article X.I.) are necessary to the possibility of success of the reorganization proposed by the Final Modified Joint Plan, have been bargained for and obtained through appropriate notice, consideration given, and are necessary in light of the proceedings that have been promulgated in the Sola and EAC Chapter 11 Cases, and have been approved by the accepting votes of parties in interest and by the acceptance by the Classes that have voted to Accept the Final Modified Joint Plan and/or the parties in interest who have not voted to reject the Final Modified Joint Plan.

23. The requirements of Rule 3017(f) of the Bankruptcy Rules have been met by the Final Modified Joint Plan and the notice thereof provided pursuant to the Notice Procedures Order, and as evidenced by the Certificates of Service.

24. The Objections were overruled and denied, for reasons orally set forth by the Court in open court at the Confirmation hearing, upon the arguments of counsel for the Debtors adduced at the confirmation Hearing.

25. The Motion to Strike is to be granted upon submission of an appropriate form of order, the Court having concluded that the Class 8 Ballot should be stricken with the consent of the voting Claimant and on the basis that the Claimant subject to the Motion to Strike has filed a General Unsecured Claim, as opposed to a Claim that is a Secured Claim by virtue of a right of setoff.

26. All other requirements of sections 1122 and 1129 have been met by Sola and EAC, and the Final Modified Joint Plan shall be confirmed by separate order of this Court.

27. The Court has heard testimony and has adduced documentary evidence supporting Confirmation of the Final Modified Joint Plan, and has expressly authorized the submission of these Findings and Conclusions by the counsel for the Debtors. The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Final Modified Joint Plan.

28. Cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with Bankruptcy Rule 3020(e).

# # # #

SUBMITTING COUNSEL SIGNATURE ON FOLLOWING PAGE

**Respectfully Submitted,**

**GORDON, ARATA, McCOLLAM, DUPLANTIS & EAGAN, L.L.P.**
301 Main Street, Suite 1600
Baton Rouge, LA 70825
Phone (225) 381-9643
Fax (225) 336-9763

By: /s/ Louis M. Phillips
**Louis M. Phillips (#10505)**
**Brandon A. Brown (#25592)**
**Ashley S. Green (#29217)**
***Counsel for Sola Communications, L.L.C. and Employee Acquisition Company, L.L.C.***